█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WILLIAM CLYDE, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: On August 7, 1976 defendant was arrested and charged with arson, second degree. On June 18, 1978, he moved for dismissal pursuant to CPL 210.20 (subd 1, par [g]) and

30.30. He acknowledged in his moving papers that some 62 days (Oct. 13, 1976 to Nov. 23, 1976 and April 6, 1978 to April 27, 1978) were attributable to him but claimed no responsibility for the remaining period of delay. The People answered that they had been ready for trial at all times (except a one-week period in Jan., 1978 during which they were locating a witness) and that the remaining delay was attributable to court congestion. We find it unnecessary to consider the disputed period after January 12, 1978. Accepting as true the People's claim that they announced the case ready for trial on November 24, 1976 (the record, however, indicates that defendant moved the case to the Trial Calendar without comment by the District Attorney) (see *People v Hamilton,* 46 NY2d 932), the delay from November 24, 1976 to January 3, 1978 is wholly unexplained on this record and the People concede that at least three indictments filed subsequent to defendant's were tried before his. It is not enough for the People to allege calendar congestion as a cause for delay; they must establish it as such on the record (see *People v Williams,* 67 AD2d 1094). Having had their hearing (before another Judge) and failed to excuse the delay established by the defendant, the judgment must be reversed and the indictment dismissed (see *People v Havelka,* 45 NY2d 636). (Appeal from judgment of Monroe County Court—arson, second degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.