■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOM E. OLIVANI, Appellant.—Judgment affirmed. Memorandum: The People effectively communicated their readiness for trial by a written notice of readiness sent to both counsel and the court clerk, to be placed in the record *(see, People v Kendzia,* 64 NY2d 331, 337). The notice complied with the "ready for trial" requirement of CPL 30.30 (1), even though it was made one day before the arraignment of defendant. The rule requires that the prosecutor make his statement of readiness when the People are in fact ready to proceed. The rule requires that the People, not the court, be ready for trial *(People ex rel. Franklin v Warden,* 31 NY2d 498). Here, although defendant could not be tried until he was arraigned, that did not mean that the People were not ready for trial and capable of proceeding if the court was available to arraign and try defendant. For many reasons beyond the control of the People, there may be a delay between indictment and arraignment of a defendant. There is no reason to penalize the People for delays beyond their control by prohibiting them from announcing their readiness for trial after indictment and prior to arraignment, when they are in fact ready.

All concur, except Doerr, J. P., who dissents and votes to reverse and dismiss the indictment, in the following memorandum.

Doerr, J. P., (dissenting). I respectfully dissent. For the People's statement of readiness to be effective, it must be made either on the record or in a written notice to defense counsel and the court clerk at a time when the People are, in fact, ready to proceed *(People v Kendzia,* 64 NY2d 331, 337). I agree with the majority that the People complied with the

first requirement by delivering a written notice of readiness to defense counsel and to the court clerk. In my view, the People failed to comply with the second requirement because their statement of readiness, made prior to arraignment, was not made at a time when the People were, in fact, ready to proceed. Until defendant is arraigned, "the People simply could not try defendant" *(People v Marsh,* 127 AD2d 945, 947, *lv denied* 70 NY2d 650; *see also, People v Toro,* 151 AD2d 142, 144). Consequently, the prosecutor's statement of readiness, made before arraignment, was not effective and the indictment should be dismissed. (Appeal from judgment of Genesee County Court, Morton, J.—driving while intoxicated.) Present —Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.