■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN BAKER EVANS, Appellant.—Judgment unanimously affirmed. Memorandum: The court's instructions to the jury regarding criminal liability under Penal Law § 20.00 were sufficient and without error. In the circumstances presented, there was no reason for the court to instruct the jury on the separate crime of criminal facilitation. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Mischief, 4th Degree.) Present—Dillon, P. J., Boomer, Green, Lowery and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CLEVELAND EVANS, Appellant.—Judgment unanimously affirmed. Memorandum: The criminal action against defendant was commenced by the filing of a felony complaint on August 22, 1988. An indictment was filed on December 5, 1988 and defendant was scheduled for arraignment on the indictment on December 7, 1988. When defendant failed to appear for arraignment on that date, the People requested a bench warrant and also placed on the record in open court that they were ready for trial. That statement of readiness is sufficient to satisfy CPL 30.30 requirements *(see,* CPL 30.30 [1] [a]; *People v Kendzia,* 64 NY2d 331; *People v Olivani,* 167 AD2d 949). (Appeal from Judgment of Monroe County Court, Connell, J.—Forgery, 2nd Degree.) Present—Dillon, P. J., Boomer, Green, Lowery and Davis, JJ.