OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Delays between indictment and the arraignment, like other court congestion, do not prevent the People from being ready for trial. Such delays are, therefore, not excludable under CPL 30.30 (see, People v Brothers, 50 NY2d 413, 417; see also, People v Toro, 151 AD2d 142, lv dismissed 75 NY2d 818; accord, People v Rhee, 111 AD2d 655; People v O’Neal, 99 AD2d 844).
The People’s contention that they are legally blocked from announcing their readiness for trial prior to arraignment because defendant might not yet be represented by counsel is unavailing. CPL 30.30 (4) (f) expressly exempts periods during which defendant is without counsel.
Similarly unpersuasive is the People’s alternative contention that it would be impractical to require them to prepare for trial prior to arraignment because the defendant could plead guilty at the arraignment. That defendant might plead guilty then or at any other time before trial should not excuse the prosecutor from taking the necessary steps to be ready for trial within the prescribed period. Accordingly, the delay between indictment and arraignment on the indictment was properly charged to the People.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.