■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HUGHVAL ANTHONY McINTOSH, Respondent.—Appeal by the People from an order of the County Court, Nassau County (Wexner, J.), dated January 18, 1990, which granted the defendant's motion to dismiss Nassau County Indictment No. 69637, charging him with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remit-

ted to the County Court, Nassau County, for further proceedings consistent herewith.

The record reveals that, after the County Court granted the defendant's motion to suppress physical evidence, identification testimony, and inculpatory statements, the People filed a notice of appeal from the suppression order. The notice of appeal, dated August 23, 1989, was accompanied by the required statement pursuant to CPL 450.50 (1), which provided in part as follows: "[T]he People * * * do hereby state * * * that the deprivation of the use of the evidence ordered suppressed has rendered the sum of the proof available to the People with respect to the indictment herein, either legally insufficient or so weak in its entirety that any reasonable probability of obtaining a conviction on the indictment has been effectively destroyed". Approximately six weeks later, the People moved in this court for leave to withdraw their appeal and CPL 450.50 statement, averring that "the matter has been further reviewed and it has been determined that although the People's case has been considerably weakened by the suppression order, a trial of defendant is the most appropriate procedural avenue". By order of this court dated October 16, 1989, the motion was granted and the appeal was withdrawn. The defendant then moved in the County Court for the dismissal of the indictment, contending that CPL 450.50 (2), as interpreted by the Court of Appeals in *Matter of Forte v Supreme Ct.* (48 NY2d 179), precluded his further prosecution absent a reversal of the suppression order. The County Court agreed and dismissed the indictment. We now reverse.

CPL 450.20 (8) authorizes the taking of an appeal by the People from a pretrial suppression order provided that the People file a statement pursuant to CPL 450.50 (1) to the effect that they cannot go forward with the case in the absence of the suppressed evidence. In turn, CPL 450.50 (2) provides: "The taking of an appeal by the people, pursuant to subdivision eight of section 450.20, from an order suppressing evidence constitutes a bar to the prosecution of the accusatory instrument involving the evidence ordered suppressed, unless and until such suppression order is reversed upon appeal and vacated".

It is well settled that "CPL 450.50 is designed to limit appeals by the People from interlocutory suppression orders" *(People v Townsend,* 127 AD2d 505, 507; *see, People v Brooks,* 54 AD2d 333) by requiring the filing of a statement which indicates that the suppression order is "a functionally final

order and an appeal from it is not interlocutory" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 450.50, at 568). Moreover, the taking of frivolous or unnecessary appeals by the People is further discouraged by the fact that if the appeal proves unsuccessful no further prosecution of the accused will be permitted *(see, People v Casadei,* 106 AD2d 885, *affd* 66 NY2d 846). Accordingly, the Court of Appeals has held that where the People appeal from a suppression order and file the obligatory statement indicating that the order renders the evidence too weak to go forward with the prosecution, the affirmance of that order on appeal precludes the People from further prosecuting the accused either pursuant to the original indictment or upon a superseding indictment obtained through the use of the evidence which was not suppressed *(see, Matter of Forte v Supreme Ct., supra).*

The defendant contends that in the instant case, once the CPL 450.50 statement was filed by the People, all further prosecution was barred because a reversal of the suppression order was not obtained. In this regard, he claims that the People's prompt withdrawal of their appeal and CPL 450.50 statement is of no moment. However, the Court of Appeals indicated in *Matter of Forte v Supreme Ct. (supra,* at 188) that it is the unsuccessful prosecution of the appeal, rather than the mere filing of the statutory statement, which triggers the bar to further proceedings set forth in CPL 450.50 (2). Specifically, the Court concluded: "[i]n sum, we conclude that *when the People take an unsuccessful appeal* from an order suppressing evidence, CPL 450.50 (subd 2) prohibits subsequent prosecutions * * * upon either the same or a superseding accusatory instrument for the crimes charged in the original instrument, at least in the absence of extraordinary circumstances" *(Matter of Forte v Supreme Ct., supra,* at 188 [emphasis supplied]). Similarly, in *People v Kates* (53 NY2d 591), the court stated as follows: "[CPL 450.50 (1)] obviously calls for a personal evaluation which can only be made by the prosecutor who is a better judge than his opponent or an appellate court of his chance of succeeding at trial with the remaining proof. Nor is there any general need to check the accuracy of the prosecutor's assessment since the statute itself discourages a prosecutor from overestimating his need for the suppressed evidence. Once he files the certification and takes an appeal, he will not be permitted to change his position and try the defendant on other proof *if the suppression order is upheld on appeal" (People v Kates, supra,* at 596-597 [emphasis supplied]).

In the case before us, the People were not "unsuccessful" on their appeal, nor was the suppression order "upheld on appeal" so as to bar the continued prosecution of the defendant. Rather, the People, being in a superior position to determine the strength of their case (see, People v Kates, supra), obtained leave to withdraw the appeal after apparently re-evaluating the matter and concluding that there was adequate evidence without the suppressed material to prosecute the defendant. Inasmuch as the withdrawal of the appeal was in accordance with the policy of eliminating unnecessary appeals which underlies CPL 450.50 and the appeal was not determined on the merits or dismissed for failure to prosecute, the County Court erred in dismissing the indictment pursuant to CPL 450.50 (2). Accordingly, the indictment is reinstated.

However, we remind the People that an erroneous filing of an unnecessary appeal, regardless of how innocent or inadvertent, will not be permitted to compromise the constitutional and statutory rights of an accused to a speedy trial (see generally, People v Green, 139 AD2d 760). Hence, in such instances, the People will be held accountable for that period of delay between the taking of the unnecessary appeal and the making of the application to withdraw it. A thorough review of the case by the People prior to the filing of a notice of appeal and CPL 450.50 statement is the most efficient manner by which to avoid such a result. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.