OPINION OF THE COURT
Martin Marcus, J.
The defendant was indicted by the Grand Jury of Bronx *378 County on August 14, 1990, and charged with assault in the second degree (Penal Law § 120.05) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01). He now makes a motion to dismiss the indictment, claiming that the People have failed to meet their obligation to be ready for trial within the time period specified in CPL 30.30. For the reasons set forth below, I agree and grant his motion to dismiss.
For the purposes of the defendant’s motion, the People and the defendant have agreed upon the following facts:
(a) The Criminal Court complaint in this case was filed on June 25, 1990, and the defendant was arraigned on the indictment on August 20, 1990. At the arraignment in Supreme Court the People announced their readiness for trial.
(b) On February 21, 1991, the People were not ready for trial and requested a two-week adjournment. Because of the court’s own calendar, the case was adjourned to March 21, 1991.
(c) On March 21, 1991, the People were not ready for trial and requested a one-week adjournment.[1] Because of the court’s own calendar, the case was adjourned to April 4, 1991.
(d) On April 4, 1991, the People were not ready for trial and requested a two-week adjournment. Because of the court’s own calendar, the case was adjourned to April 29, 1991.
(e) On April 29, 1991, the People were not ready for trial and requested a two-week adjournment. The case was adjourned to May 9, 1991.
(f) On May 9, 1991, the People were not ready for trial and requested a two-week adjournment. Because of the court’s own calendar, the case was adjourned to June 27, 1991.
(g) On June 27, 1991, the People were not ready for trial and requested a two-week adjournment. The case was adjourned to July 11, 1991.
(h) On July 11, 1991, the People were not ready for trial and requested a two-week adjournment. In addition, the prosecutor indicated that he would be on vacation from July 26, 1991, until August 19, 1991. Because of the court’s own calendar, the case was adjourned to August 22,1991.
(i) On August 22, 1991, the People were not ready for trial *379 and requested a two-week adjournment. Because of the court’s own calendar, the case was adjourned to September 16, 1991.
(j) On September 16, 1991, the People answered ready for trial and the defendant requested time to make this speedy trial motion.
To resolve the defendant’s motion, the court must determine whether, given these facts, and excluding the time not chargeable to the People, the People were ready for trial within six months of the filing of the accusatory instrument, a period which both sides agree amounts to 183 days.
The People concede that the 56 days between the filing of the Criminal Court complaint and the defendant’s Supreme Court arraignment are chargeable to them (see, People v Correa, 77 NY2d 930 [1991]), and the defendant does not seek to have the People charged for any other time between the Supreme Court arraignment and February 21, 1991. The defendant does, however, contend that once the periods of postreadiness delay from February 21, 1991, to September 16, 1991, are added to the 56 days of prearraignment delay, the total period the People were not ready for trial exceeds that permitted by CPL 30.30.
The People admit, as they must, that they are rightfully charged with each of those periods of time for which they explicitly requested the case be adjourned, a total of nearly 15 weeks, or 102 days.[2] The defendant, however, would go further. He maintains that in those instances in which the court adjourned the case for a period beyond that requested by the People, the People should be charged with the entire length of the adjournment unless the People advanced the case to and answered ready on the earlier date they requested, or in some other way communicated their earlier readiness to the defendant and the court.
The People are required to be ready for trial within six months of the commencement of a criminal action in which the defendant is charged with a felony. (CPL 30.30 [1]; People v McKenna, 76 NY2d 59 [1990].) That six-month period of time includes delays which occur both before and after their initial declaration of readiness. (People v Anderson, 66 NY2d 529 *380 [1985]; People v Worley, 66 NY2d 523 [1985].) The announcement or readiness must be made in good faith, and it must reflect an actual state of readiness. (People v Kendzia, 64 NY2d 331, 337 [1985]; People v Tavarez, 147 AD2d 355 [1st Dept], lv denied 73 NY2d 1022 [1989].)
When the People are ready to proceed, but trial of the case is delayed due to court congestion, the delay cannot be charged to the prosecution in determining whether CPL 30.30 has been violated. (People v Giordano, 56 NY2d 524 [1982]; People ex rel. Franklin v Warden, 31 NY2d 498, 502 [1973].) Where a trial is postponed to accommodate the court’s calendar (see, People v Green, 90 AD2d 705 [1st Dept 1982]), the delay does not effect prosecutorial readiness, and is not chargeable to the People. (People v Tavarez, supra, 147 AD2d, at 356; see also, People v Williams, NYLJ, July 17, 1990, at 27, cols 5, 6 [Sup Ct, Bronx County] ["The People are not charged with the delay beyond the week requested as the additional time was solely for the administrative purposes of the court”]; People v Lopez, NYLJ, Feb. 11, 1991, at 25, col 6 [Sup Ct, NY County] [court would not charge People with delay caused by court’s need to try cases of severed defendants in sequence]; cf., People v Rivera, 160 AD2d 234, 235 [1st Dept 1990] [delay of court in calendaring arraignment not chargeable to the People since it "was visited upon the defendant by the court, not the prosecutor”].)
The defendant bases his argument for inclusion of the total time of the adjournments, even the periods beyond that requested by the People, upon the recent Court of Appeals decision in People v Correa (77 NY2d 930 [1991], supra). There, the court rejected the People’s claim that they are "legally blocked” from announcing their readiness for trial prior to arraignment because the defendant might not be represented by counsel until his arraignment occurs. The defendant extrapolates from his holding that when the People request a postreadiness adjournment, and the court adjourns the case for a period longer than that requested, nothing prevents the People from communicating their renewed readiness for trial on a date prior to the case’s next appearance on the court’s calendar.
Correa (supra), however, concerned only delay in the People’s original announcement of readiness (see, CPL 30.30 [1]), and did not consider postreadiness delays which occur, for example, because the prosecutor is on trial in another case. Applying Correa to postreadiness delays in the manner the *381 defendant argues for here would be both illogical and disastrous for the already overburdened criminal justice system.
If the defendant’s position were correct, in order for the People not to be charged with time beyond that which they have requested in such circumstances, they would be required repeatedly to recommunicate their readiness on dates the case was not on the calendar, either by advancing the case or by filing a new notice of readiness. Alternatively, the court would be required to adjourn the case only to the date requested by the People, solely to provide the prosecution with the opportunity to answer ready again. The result would be to burden further the prosecutor, defense counsel and the court (and in the case of incarcerated defendants, the Department of Correctional Services as well). Moreover, this burden would be without justification under the statute, and without benefit to the defendant, since it would be clear from the outset that, given the court’s previously stated unavailability, the trial could not go forward on the earlier date.
Even worse, during the period the court was unavailable and the defendant’s case could thus not go forward, the prosecutor could not proceed to trial on any other matter without being charged with additional time for speedy trial purposes. Thus, to avoid this purposeless charge (which in a particular case could result in dismissal of the defendant’s case), the prosecutor would be forced to announce his unavailability for another trial for which the defense attorney and another court were otherwise ready and available. CPL 30.30, which was meant to speed the progress of trials rather than to delay them, does not require such an absurd result.
Admittedly, the People are required to be "presently ready, and they cannot simply predict future readiness.” However, not every postreadiness request for an adjournment renders their initial announcement of readiness illusory. (See, People v Robinson, 171 AD2d 475 [1st Dept 1991].) Similarly, when it is clear from the nature of the People’s request for a postreadiness adjournment that, but for a predictably finite and temporary circumstance (when, for example, the prosecutor is on trial in another case or a police officer is away for a scheduled vacation), the People are in fact ready, it is an exercise in futility to demand that they announce their "re-readiness”— and in fact to require them to stay ready — during the period of time the court is not available to try the case. Thus, when the court’s calendar has occasioned the delay, rather than the *382 prosecutor’s other cases, the time should be excluded for purposes of CPL 30.30.
The stipulated facts recited above provide no explanation of the purpose for which the prosecutor made his various requests for one-and-two-week adjournments. Thus, a hearing might be necessary to determine whether each such request did, in fact, arise out of circumstances in which the People’s period of unreadiness was truly predictable and temporary. However, it is unnecessary to hold such a hearing, since— whatever its outcome — the defendant’s motion must be granted.
Adding to the 56 days of prereadiness delay the time that the People requested thereafter still brings the People beyond the permissible period of delay. The People acknowledge that they should be charged for the additional days they specifically requested at the adjournments on February 21, March 21, April 4, April 29, May 9, June 11, July 11, and August 22, 1991. On July 11, 1991, however, when the People announced that they would not be ready for two weeks — that is, until July 25 — they also stated that the prosecutor would begin his vacation on July 29, and would return on August 19. They argue that because of the court’s own vacation schedule, they should not be charged with the period of the prosecutor’s summer vacation, or with the four days prior to July 29 when the prosecutor would (by his own projection) be ready for trial.
Obviously, the prosecutor could not begin this trial four days before his vacation, and his statement that he would be ready as of that date was without meaning. Moreover, while the court was itself away during the prosecutor’s vacation, it could — and did — make arrangements to adjourn other trial-ready cases to another Judge who could send them for trial to any part then open. Since many attorneys, police officers and civilian witnesses are themselves away during a portion of the summer, the availability of an open part was then likely. Thus, in these circumstances, this court’s absence was not a barrier to the trial of this case, and the prosecutor’s vacation was, in fact, the cause of the delay.
In sum, the People are charged with the 56 days of preindictment delay, the 102 days of their admitted postindictment unreadiness, and the 25 days arising out of the prosecutor’s *383 vacation, for a total of 183 days. Thus, excluding the day the felony complaint was filed (see, People v Stiles, 70 NY2d 765 [1987]), the People were not ready to proceed to trial within six months. Accordingly, the indictment is dismissed pursuant to CPL 30.30.

. In the defendant’s motion papers, he originally alleged that the People’s request on this occasion was for two weeks, but he has since conceded that, in fact, the People requested only one.

. The People calculate this total as 101 days, based upon a charge of only 10 days for the adjournment from April 29 to May 9, 1991. Since the People were not ready on April 29, the date to which the case was previously adjourned because of the court’s schedule, they must be charged for that day as well as the subsequent days through May 9.