OPINION OF THE COURT
Rose L. Rubin, J.
The issue before the court is whether the purported filing of a certificate of readiness for trial by the prosecutor prior to the filing of the indictment constitutes readiness for trial within the meaning of CPL 30.30. The court holds that it does not.
I
Defendant, charged with the crime of criminal possession of stolen property in the fourth degree, moves, pretrial, to dis *616 miss the indictment pursuant to CPL 30.30 on the ground that the People were not ready for trial within the statutory six-month period from the commencement of this action, thus depriving the defendant of his right to a speedy trial.
Criminal proceedings started with the filing of a felony complaint on September 10, 1990 (People v Osgood, 52 NY2d 37 [1980]). Defendant filed a speedy trial motion on April 29, 1991, 231 days after the filing of the felony complaint. The People concede 157 days of includable time from September 10, 1990, the date of the filing of the felony complaint, to February 14, 1991, when the People filed a certificate of readiness for trial.
On February 14, 1991, the Grand Jury voted an indictment, which was filed a day later on February 15, 1991. Thus, the People’s certificate of readiness was filed one day before the indictment itself was filed.
Although more than six months have elapsed since the filing of the original accusatory instrument, CPL 30.30 (4) sets forth periods of time which must be excluded in determining whether the People are ready for trial within the statutory period. Among them are delays caused by a defendant’s pretrial motions, adjournments at the request of, or consented to, by a defendant, court-ordered adjournments and periods of delay occasioned by exceptional circumstances (People v Smith, 97 AD2d 485 [2d Dept 1983]). This statutory scheme requires that each adjournment and the reason therefor be reviewed in determining whether the People have met their obligation to be ready timely for trial. With respect to the excludability of any period of time, it is the People who bear the burden of proof (People v Berkowitz, 50 NY2d 333 [1980]).
II
The announcement of readiness for trial does not, by itself, meet the criteria for judging the People’s readiness as set forth in the controlling case of People v Kendzia (64 NY2d 331 [1985]). In that case, the Court of Appeals spelled out the two requirements for a valid statement of trial readiness. The first is either a communication of readiness in open court or a certificate of readiness filed with the court and placed into the original record by the appropriate clerk, with notice to the defendant. The second requirement "is that the prosecutor must make his statement of readiness when the People are in fact ready to proceed. The statute contemplates an indication *617 of present readiness, not a prediction or expectation of future readiness” (People v Kendzia, supra, at 337).
The People contend that "the bottom line is a certificate of readiness. If there is a certificate of readiness, there is no 30.30 issue after that”. Assuming, arguendo, that the People had properly filed a certificate of readiness, this interpretation omits the second prong of the Kendzia test, that is, that the People must actually be ready to proceed at the time that they announce their readiness. Query: could the People here have proceeded to trial, absent a filed indictment?
The court has examined the original certificate of readiness contained in the court’s file. It bears no stamp indicating receipt by the Clerk of the Court. It is dated February 14, 1991. It is unsigned. It bears no indictment number. Instead, next to the appropriate line for an indictment number, it reads "(not assigned)”. The text of the certificate states that "the People are ready for trial in the above entitled action, upon defendant’s arraignment upon indictment.”
It is the People’s position that, although defendant was not arraigned on the indictment until April 1, 1991, the delay between the filing of the certificate of readiness on February 14, 1991 and the arraignment is not chargeable to the People, citing People v Correa (77 NY2d 930 [1991]). In Correa, the Court of Appeals held that delay between indictment and arraignment does not prevent the People from being ready for trial, and, thus, such delays are not excludable under CPL 30.30.
Ill
Dispositive of the question of whether the People can be ready for trial pursuant to CPL 30.30 in a case in which no indictment has yet been filed is the Criminal Procedure Law itself. Section 210.05 of the statute provides: "The only methods of prosecuting an offense in a superior court are by an indictment filed therewith by a grand jury or by a superior court information filed therewith by a district attorney.” Section 1.20 (3) defines indictment as "a written accusation by a grand jury, more fully defined and described in article two hundred, filed with a superior court, which charges one or more defendants with the commission of one or more offenses, at least one of which is a crime, and which serves as a basis for prosecution thereof.” By definition, therefore, an indictment is not legally cognizable until it is filed.
*618 It is patent that the capacity to try a case in the Supreme Court is founded upon the filing of an indictment or a superior court information. The statement of trial readiness one day prior to the filing of the indictment is, therefore, a nullity.
According to the People, the first official notice sent to defendant by the court for an appearance in the Supreme Court was for April 1, 1991, in Criminal Trial Term, Part 30. The Assistant District Attorney sought to advance the case so that defendant could be arraigned before the scheduled date of April 1, 1991, but was unsuccessful. The fact that the Assistant District Attorney made efforts to advance the case and, further, the fact that his attempts to enlist the cooperation of defense counsel in this endeavor failed does not serve to exclude the time from indictment to arraignment on April 1, 1991. The entire period is chargeable to the People under Correa (supra).
Although the court does not reach the issue of when the People first effectively announced their readiness for trial, the court’s unofficial records indicate that this was on July 3, 1991.
Based on the foregoing analysis, a period of 46 days, from February 14, 1991 to April 1, 1991, must be added to the 157 days already conceded by the People. This is a total of 203 days, a period of time in excess of the six-month statutory limitation set by CPL 30.30, which in this case would be 181 days (People v Ki Rhee, 111 AD2d 655 [1st Dept 1985]).
Accordingly, defendant’s motion to dismiss the indictment pursuant to CPL 30.30 is granted.