■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER CHAPMAN, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Goldstein, J.), dated March 8, 1991, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is affirmed.

The People contend that the Supreme Court erroneously dismissed the indictment because the time chargeable to them was well within the six-month statutory time limit, which in this case totalled 181 days. We disagree.

The People concede that the court properly charged them with 112 days of delay. They also concede that they are properly chargeable with the 11 days between the filing of the initial indictment on May 31, 1990, to the arraignment on that indictment on June 11, 1990 (see, People v Correa, 77 NY2d 930). Thus, the People claim that they are only properly chargeable with a total of 123 days of delay. We find that the 39-day period between the filing of the second indictment on December 6, 1990, and the arraignment on that indictment on January 14, 1991, is also chargeable to the People (see, People v Correa, supra).

We also find that the court properly charged the People with the 21-day adjournment following the defendant's June 11, 1990, arraignment on the initial indictment. Contrary to the People's contentions, the record establishes neither that the defendant consented to that adjournment nor that he wanted an adjournment for the purpose of negotiating a plea (see, People v Liotta, 79 NY2d 841; see also, People v Correa, 161 AD2d 391, affd 77 NY2d 930, supra).

However, the court erroneously charged the People with 16

days which elapsed during the course of the People's motion to reargue the dismissal of the initial indictment. That period of time should have been excluded under CPL 30.30 (4) (a) *(see, People v Pomales,* 159 AD2d 451). The People also contend that the court should have excluded the 58-day period from October 9, 1990, when the motion to reargue was denied, to December 6, 1990, when the second indictment was filed, because that delay was occasioned by an erroneous dismissal of the first indictment. We reject that claim and their further claim that this constituted an exceptional circumstance. "Since the People chose to re-present the matter to the Grand Jury rather than appealing the matter, they cannot now be heard to complain that the time should be excluded" *(People v Zenon,* 175 AD2d 193, 194; *see also, People v Cortes,* 175 AD2d 171). Moreover, under the circumstances of this case, the delay was unreasonable. Mangano, P. J., Thompson, Rosenblatt and Copertino, JJ., concur.