■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR F., Appellant. [598 NYS2d 996] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered January 11, 1990, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's speedy trial motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County for the purpose of entering an order in its discretion pursuant to CPL 160.50.

We agree with the defendant that the hearing court erred in denying his speedy trial motion brought pursuant to CPL 30.30. As the People concede, the court erred in excluding the 21 days from July 21, 1988, when the indictment was filed, to August 11, 1988, the scheduled date for the defendant's arraignment on the indictment, on the ground that the delay was reasonable *(see, People v Cortes,* 80 NY2d 201; *People v Correa,* 77 NY2d 930; *People v Chapman,* 185 AD2d 892). When this 21-day period is added to the 168 days which the court properly found to be chargeable to the People, the total number of days exceeded the six months within which the People were required to be ready for trial *(see,* CPL 30.30 [1] [a]; *see also, People v Bolden,* 81 NY2d 146). Accordingly, the defendant's speedy trial motion is granted and the indictment is dismissed.

In view of our determination, we do not reach the defendant's remaining contentions. Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.