■ The People of the State of New York, Respondent, v Dexter Sydney, Also Known as Ronald Taylor, Also Known as Caviar, Appellant. [600 NYS2d 358] —Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered September 3, 1991, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On May 23, 1990, detectives from the City of Albany Police Department arranged for a controlled purchase of cocaine to be effected by a confidential informant. After the informant was searched and given $120 in prerecorded buy money, one of the detectives watched through binoculars as the informant entered a building and emerged several minutes later. Upon returning to the police vehicle, the informant gave the detectives three small green baggies containing crack cocaine, which he claimed to have purchased for $100, and the remaining $20. He submitted to a final search, and left. The detectives then drove past the building that the informant had entered, and in which he claimed to have made the transaction, and saw defendant, who matched the description given by the informant of the person from whom he had purchased the cocaine, sitting on the front steps with several other people. Defendant was not arrested at that time, allegedly because to do so would have jeopardized an ongoing investigation.

Approximately one month later, when the detectives saw defendant again, they arrested him on the basis of the events that had transpired on May 23, 1990. Defendant was indicted on a single count of criminal sale of a controlled substance in the third degree and, after a jury trial, he was convicted of that count and sentenced as a second felony offender to an indeterminate prison term of 12½ to 25 years. He appeals.

Initially, we find no merit to defendant's argument that he

was denied his statutory right to a speedy trial *(see,* CPL 30.30). In support of this contention, defendant points to the fact that the People informed him for the first time on May 16, 1991, that the confidential informant had previously been represented by the Public Defender's office, which at that time was also representing defendant. The resulting conflict of interest was found to require the assignment of new counsel for defendant and an adjournment was granted to enable defendant's new attorney to prepare for trial. Defendant asserts that the People knew or should have known of the probable conflict earlier and that, until the information was disclosed, the People had not done "all that [was] required of them to bring the case to the point where it may be tried" *(People v McKenna,* 76 NY2d 59, 64). Thus, defendant argues that the entire period from the initial appointment of the Public Defender until the possibility of a conflict was revealed (188 days) should be charged to the People as postreadiness delay *(see, supra,* at 66); when added to the 27 days of prereadiness delay, which the People do not dispute are properly charged to them, this would result in a total of 215 days, which exceeds the permissible delay of six months *(see,* CPL 30.30 [1] [a]).

A period of postreadiness delay may be charged to the People if the reason for the delay constitutes "a direct, and virtually insurmountable, impediment to the trial's very commencement" *(People v McKenna, supra,* at 64) or has a direct bearing on the People's ability to present their case *(see, People v Anderson,* 66 NY2d 529, 543). Although it is true that no trial can commence until a defendant is properly represented—and therefore until any conflict of interest has been resolved—it has nonetheless been held that a defendant's lack of representation, at least where it is caused by the court, does not affect the People's "readiness" as that term is used in CPL 30.30 *(see, People v Cortes,* 80 NY2d 201, 210). The situation here is analogous: the underlying reason for the delay, the conflict itself, was not caused by the People, nor does it implicate their ability to proceed with trial *(see, supra).* Furthermore, the People cannot be charged with causing any delay prior to the time that they first learned of the possibility of conflict. Inasmuch as defendant has made no showing of when the People became aware of the situation, he has not met his burden of demonstrating that sufficient postreadiness delay is chargeable to the People to mandate dismissal of the indictment *(see, supra,* at 215).

We also reject defendant's claim that the detectives' testi-

mony, in which they explained the circumstances of the drive-by and the arrest, constituted improper bolstering of the informant's identification. This argument fails to take into consideration the difference between bolstering an actual identification and explaining the basis from which one's own identification derived. Here, the detectives did not testify that the informant identified defendant, either by pointing him out or selecting him from a lineup or photo array. They themselves identified defendant, both on the day the alleged crime was perpetrated and on the day of his arrest, based on objective criteria related to them by the informant, i.e., defendant's unusual clothing, light skin color and general build. The case at bar is therefore distinguishable from *People v Trowbridge* (305 NY 471) and its progeny *(see, e.g., People v Baldelli,* 152 AD2d 741).

We do, however, agree with defendant's assertion that it was improper for the prosecutor to elicit, on redirect examination of one of the detectives, testimony that defendant was in possession of over $1,200 at the time of his arrest *(see, People v Ciccarelli,* 161 AD2d 952, 954). This, we believe, went beyond the scope of permissible redirect examination, as it did more than merely explain or clarify the detective's admission, on cross-examination, that the currency in defendant's possession contained none of, or was not compared against, the "buy money" that had been given to the informant almost a month earlier to make the purchase at issue *(see, People v Melendez,* 55 NY2d 445, 452). It was clearly unnecessary, in addressing this point, to indicate the *amount* of cash defendant carried at his arrest.

Nor may the reference be classified as harmless where, as in this instance, defendant's conviction depends heavily on identification testimony provided by the informant, whose credibility was questionable. Under these circumstances, we cannot say that the jury did not consider the fact that defendant possessed a substantial amount of cash at the time of his arrest, which would tend to support the highly prejudicial inference that he was involved in drug sales on an ongoing basis *(see, People v Berry,* 182 AD2d 824, 825, *lv denied* 80 NY2d 828), in arriving at the conclusion that he was indeed the person from whom the informant had purchased cocaine *(see, People v Melendez, supra,* at 453).

Because this error requires that we reverse and remit for a new trial, it is appropriate to note that defendant is also correct in his assertion that the People failed to provide the proper notice of the informant's out-of-court identification of

defendant from a photo array. In view of the fact that the informant's familiarity with defendant stemmed from only a few encounters on the street, it cannot be said as a matter of law that there was "virtually no possibility that the witness could misidentify the defendant" *(People v Rodriguez,* 79 NY2d 445, 450). At the very least, a hearing should have been held to explore the nature and extent of their prior relationship *(see, supra,* at 451-452; *see also,* CPL 710.60 [4]).

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.