■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABSALON VASQUEZ, Appellant. [608 NYS2d 92] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 4, 1992, convicting him of attempted rape in the first degree, attempted sexual abuse in the first degree, unlawful imprisonment in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to dismiss the indictment upon the ground

that he was denied his statutory right to a speedy trial (CPL 30.30).

Ordered that the judgment is reversed, on the law, the order denying the defendant's motion to dismiss the indictment pursuant to CPL 30.30 is reversed, the motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Pursuant to *People v Correa* (77 NY2d 930) and *People v Palacios* (79 NY2d 897), the 58 day period of time which elapsed between the filing of the indictment and the defendant's subsequent arraignment thereon is chargeable to the People. When this time is charged to the People, the period of delay exceeded the statutory maximum of six months *(see,* CPL 30.30 [1] [a]), thereby mandating dismissal of the indictment. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.