■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY BROWN, Appellant. [616 NYS2d 389] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered February 28, 1991, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's speedy trial motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. No questions of fact were raised or considered.

The defendant was arrested on December 10, 1989. On December 12, 1989, a felony complaint was filed. He was indicted on January 5, 1990, and was arraigned on January 16, 1990. The defendant was tried in January 1991 and was sentenced on February 28, 1991. On this appeal, his sole contention is that the trial court erred in denying his motion

to dismiss the indictment on the ground that he was deprived of his right to a speedy trial pursuant to CPL 30.30. Under the circumstances of this case, we agree, since the total time chargeable to the People exceeds six months (i.e., 182 calendar days), from the commencement of the action.

The 35-day period from December 12, 1989, when the felony complaint was filed, to January 16, 1990, when the defendant was arraigned on the indictment, is chargeable to the People *(see, People v Cortes,* 80 NY2d 201; *People v Correa,* 77 NY2d 930, 931; *People v Arthur F.,* 193 AD2d 813; *People v Chapman,* 185 AD2d 892).

The defendant does not contest the trial court's finding that the period from January 16, 1990, until March 14, 1990, is excludable.

The 29-day period from March 14, 1990, to April 12, 1990, is excludable. The record shows that when the court convened on March 14, 1990, the defense counsel was not available, as he was engaged in another case on trial, and an adjournment to April 12, 1990, was granted at the express request of an attorney who appeared for him.

The 71-day period from April 12, 1990, to June 22, 1990, is chargeable to the People, since that delay was occasioned by the pendency of the People's motion to consolidate the defendant's indictment with the separate indictment of another individual, a motion which the People subsequently withdrew *(see, People v McIntosh,* 173 AD2d 490, 493, *affd* 80 NY2d 87).

The period from June 22, 1990, to August 2, 1990, is excludable, since that delay was occasioned by defense counsel being on vacation. The period from August 2, 1990, to August 17, 1990, is also excludable, even though the People conceded in the trial court that it was chargeable to them *(see, People v Collado,* 125 AD2d 584; *People v Gates,* 70 AD2d 734), because that adjournment was granted so the People could answer the defendant's omnibus motion.

The 104-day delay from August 17, 1990, to November 29, 1990, is chargeable to the People, since the delay was caused by their inability to submit a certified copy of the Grand Jury minutes to the court for inspection *(see, People v McKenna,* 76 NY2d 59).

The foregoing shows that a total of 210 days were chargeable to the People.

Since the People never raised any of their present claims pertaining to notice, waiver, abandonment, or forfeiture in the trial court, and the defendant's motion, made prior to trial,

was ultimately determined on the merits, these contentions are unpreserved for appellate review *(see, People v Karp,* 76 NY2d 1006; *People v Jennings,* 69 NY2d 103). Bracken, J. P., Sullivan, and Lawrence, JJ., concur.

Joy, J., dissents and votes to affirm, with the following memorandum: On this appeal, the defendant's sole contention is that the trial court erred in denying his motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial pursuant to CPL 30.30. I disagree, since the total time chargeable to the People is less than 182 days.

In my view, the 71-day period from April 12, 1990, to June 22, 1990, during which a motion to consolidate was being considered by the court, was properly charged to the court, and not to the People, since the delay was occasioned by the court's efforts to resolve a conflict of interest *(see, People v Gomberg,* 38 NY2d 307; *People v Sydney,* 195 AD2d 763; *see also, People v Wandell,* 75 NY2d 951; *People v McDonald,* 68 NY2d 1; *People v Mattison,* 67 NY2d 462, *cert denied* 479 US 984; *People v Monroe,* 54 NY2d 35, *cert denied* 455 US 947).

It is axiomatic that "no trial can commence until a defendant is properly represented—and therefore until any conflict of interest has been resolved" *(People v Sydney, supra,* at 764; *see also, People v Cortes,* 80 NY2d 201). Thus, the People should not be charged with causing a delay over which they had no control, nor with the time it took to have an attorney appointed for the defendant's accomplice pursuant to County Law article 18-B *(see, People v Cortes, supra; People v Sydney, supra).* I find *People v McIntosh* (173 AD2d 490), cited by my colleagues, distinguishable in that, there, the People had exclusive control over the delay occasioned by their filing and subsequent withdrawal of an appeal.

Thus, I conclude, that a total of 139 days are chargeable to the People, and the judgment of the Supreme Court should be affirmed.