■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEMETRIUS GOSS, Respondent. [626 NYS2d 901] —Order affirmed. Memorandum: County Court properly dismissed the indictment on the ground that the People were not ready for trial within six months of the commencement of the criminal action *(see,* CPL 30.30 [1] [a]). The statutory period commenced with the filing of the felony complaint on July 19, 1993 *(see, People v Sinistaj,* 67 NY2d 236, 237) and expired 184 days later, on January 19, 1994. On January 14, 1994, five days prior to the expiration of the six-month period, an indictment was filed charging defendant with assault in the second degree and criminal possession of a weapon in the third degree. On that date, the People declared readiness for trial and sent a letter notifying defendant that they were ready for trial and advising him to appear for arraignment on January 24, 1994. On the scheduled arraignment date, the People repeated their declaration of readiness, but defendant did not appear. Defendant was arraigned 14 days later, on February 7, 1994.

The court properly concluded that the People's announcement of readiness prior to defendant's scheduled arraignment was insufficient to satisfy CPL 30.30 *(see, People v England,* 84 NY2d 1; *People v Drake,* 205 AD2d 996; *People v Battaglia,* 187 AD2d 808). The People contend that they effectively announced trial readiness on January 14, 1994 because, unlike the situation in *People v England (supra),* the operation of CPL 210.10 (2) did not render arraignment within the statutory period a theoretical impossibility. We reject that contention. In *England,* the Court of Appeals unequivocally held that arraignment "is an elemental prerequisite to trial readiness" and thus, the People could not validly declare readiness until defendant's scheduled arraignment date *(People v England, supra,* at 5). Further, readiness pursuant to CPL 30.30 is practical, not theoretical. A valid statement of readiness may be made only "when the People are in fact ready to proceed" *(People v England, supra,* at 2, citing *People v Kendzia,* 64 NY2d 331, 337).

We further reject the contention of the People that the 10-day delay between the filing of the indictment and the scheduled arraignment was attributable to court congestion and,

consequently, did not affect their readiness for trial *(see, People v Correa,* 77 NY2d 930, 931; *see also, People v England, supra,* at 4; *People v Smith,* 82 NY2d 676, 678). Nothing in the record indicates that the scheduling of defendant's arraignment five days after the expiration of the statutory period was attributable to the court rather than the People *(see, People v Middlemiss,* 198 AD2d 755, 756; *see also, People v Conner,* 106 AD2d 301, *affd* 65 NY2d 852). The People bear the burden of making a record to reflect the basis for a period of delay, whether that delay is characterized as prereadiness *(see, People v Smith, supra,* at 678) or postreadiness *(see, People v Collins,* 82 NY2d 177, 181-182; *People v Cortes,* 80 NY2d 201, 215; *People v Liotta,* 79 NY2d 841). "It is not enough for the People to allege calendar congestion as a cause for delay; they must establish it as such on the record" *(People v Clyde,* 73 AD2d 1047, 1048; *see, People v Smith, supra,* at 678; *People v Collins, supra,* at 181-182). We conclude, therefore, that the entire period preceding defendant's scheduled arraignment is "entirely chargeable to the unexplained laxity of the People" *(People v England, supra,* at 5). Because that period exceeds six months, we need not consider the additional two weeks between defendant's scheduled arraignment on January 24, 1994 and the actual arraignment on February 7, 1994.

All concur except Fallon and Wesley, JJ., who dissent and vote to reverse in the following Memorandum.

Fallon and Wesley, JJ. (dissenting). We respectfully dissent. For the reasons set forth by the dissent in *People v Avery* (214 AD2d 1018 [decided herewith]), we conclude that the majority in this case has incorrectly interpreted *People v England* (84 NY2d 1) to mean that the People cannot validly declare readiness until a defendant's scheduled arraignment.

The majority's conclusion that the period between the People's declaration of readiness when the indictment was filed and defendant's scheduled arraignment is chargeable to the People, and was not attributable to court congestion, is without basis in the record or law. The mandate of CPL 210.10 (2) is unequivocal: the superior court *must* direct the defendant to appear before it for arraignment on a specified date. The affidavit of the Assistant District Attorney in opposition to defendant's motion to dismiss does not indicate that the People selected the date of defendant's arraignment. The prosecutor stated therein that, following the declaration of readiness in open court, a letter was sent to defendant "informing him of a date for an arraignment of January 24, 1994

at 9:30 A.M." and advising him that the People were ready for trial.

The majority cites *People v Collins* (82 NY2d 177) and *People v Smith* (82 NY2d 676) for the proposition that the People have the burden to establish that court congestion was the cause for delay before that period can be excluded. That is the rule when the People seek exclusion of a period *prior* to a declaration of readiness *(see, People v Collins, supra,* at 181; *People v Smith, supra,* at 678; *see also, People v Cortes,* 80 NY2d 201, 216). Prosecutors have had little success in convincing the courts that prereadiness delay should be excluded because of court congestion *(see, People v Correa,* 77 NY2d 930, 931). However, "once the People announce their readiness on the record, their obligations under CPL 30.30 are satisfied" *(People v Cortes, supra,* at 210). As the Court of Appeals noted, "[t]he People can avoid being charged with prereadiness delay occasioned by court scheduling by filing a certificate of readiness" or declaring readiness in open court *(see, People v Smith, supra,* at 678). A declaration of readiness in open court is exactly what the People made but, according to the holding of the majority, that is no longer sufficient.

The majority's ruling expands *People v England* beyond "the unusual circumstances presented" in that case *(see, People v England, supra,* at 3), and fulfills the prophecy issued by Judge Titone in his dissent *(see, People v England, supra,* at 5-12 [Titone, J., dissenting]). The majority now requires the prosecutor to declare readiness and ensure arraignment within six months of the commencement of the action. That holding effectively shortens the time period established by the Legislature in which the People must declare readiness *(see, People v England, supra,* at 6 [Titone, J., dissenting]) and requires the prosecutor to accept calendar responsibilities assigned to the court by the Legislature. (Appeal from Order of Erie County Court, Rogowski, J.—Dismiss Indictment.) Present—Green, J. P., Fallon, Wesley, Callahan and Balio, JJ.