■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WOODSON AVERY, CURTIS GAYMON AND DEREK COLE, Respondents. [626 NYS2d 904] —Order affirmed. Memorandum: On October 19, 1993, defendants were arrested and arraigned on a felony complaint that charged them with criminal possession of a controlled substance in the third and fifth degrees, criminally using drug paraphernalia in the second degree and criminal possession of a weapon in the third and fourth degrees. On April 14, 1994, defendants were indicted for criminal possession of a controlled substance in the third degree (two counts), criminally using drug paraphernalia in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree. On the same day, the People filed the indictment in Supreme Court, Erie County, announced their readiness for trial on the record, and sent letters to defendants informing them of the People's declared readiness and scheduling each defendant's arraignment for April 22, 1994. Defendants Avery and Cole were arraigned on the indictment on April 22, 1994, and defendant Gaymon was arraigned on the indictment on April 25, 1994. Thereafter, each defendant moved to dismiss the indictment for failure to comply with CPL 30.30, alleging that more than six months had elapsed from the commencement of the criminal action until arraignment on the indictment. Each defendant asserted that the People's declaration of readiness for trial on April 14, 1993 was invalid and ineffective because the People were not in fact ready to proceed. Supreme Court, relying on *People v England* (84 NY2d 1), agreed and dismissed the indictment.

We affirm. The People's announcements of readiness prior to defendants' scheduled arraignments were insufficient to satisfy CPL 30.30 *(see, People v Goss,* 214 AD2d 1007 [decided herewith]; *People v Drake,* 205 AD2d 996, 997; *People v Middlemiss,* 198 AD2d 755, 756). Arraignment "is an elemental prerequisite to trial readiness" *(People v England, supra,* at 5), and the earliest that the People can validly declare readiness is the date of arraignment *(People v England, supra).* There is no indication in the record that the scheduling of defendants' arraignments after the expiration of the statutory period was attributable to the court rather than the People.

All concur except Wesley and Davis, JJ., who dissent and vote to reverse in the following Memorandum.

Wesley and Davis, JJ. (dissenting). Respectfully, we are constrained to dissent. Contrary to the view of the majority, *People v England* (84 NY2d 1) does not compel dismissal of the indictment. That case is factually distinguishable. There, defendant was indicted on the last day of the six-month statutory period due to the unexplained laxity of the People. The trial court and the Appellate Division found the entire relevant statutory period chargeable to the People. Therefore, defendant's arraignment on the indictment within the statutory period was a legal impossibility inasmuch as the People were unable to comply with the notice requirements of CPL 210.10 (2). Thus, the People's declaration of readiness for trial, made on the same day that defendant was indicted, was held to be "an empty declaration, insufficient to satisfy CPL 30.30" *(People v England, supra,* at 5).

Here, although defendants were not arraigned on the indictment within the statutory period, their arraignment within that period was not a legal impossibility *(see,* CPL 210.10 [2]). Defendants were indicted five days before the expiration of the relevant statutory period. We do not interpret *England* as establishing a bright-line rule, tantamount to imposing an additional obligation on the People that, in order to make a valid statement of readiness for trial under CPL 30.30, a defendant must be arraigned before the expiration of the relevant statutory period *(see, People v Olivani,* 167 AD2d 949, *lv denied* 77 NY2d 880). Rather, the Court in *England* considered the narrow issue whether, "in the unusual circumstances presented—where, owing entirely to the People's delay, no indictment was handed up for the full six-months—the People could prior even to defendant's arraignment genuinely have declared trial readiness" and it concluded that they could not *(People v England, supra,* at 3-4). In determining the meaning

and scope of the Court's holding in *England,* we are mindful that "[t]he language of any opinion must be confined to the facts before the court. No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from its association" *(Dougherty v Equitable Life Assur. Socy.,* 266 NY 71, 88; *see, People v Anderson,* 66 NY2d 529, 535-536).

Thus, we conclude that the People's declarations of trial readiness here were made at a time when the People were in fact ready for trial *(see, People v Kendzia,* 64 NY2d 331, 337). Once, as here, the People make a valid declaration of readiness for trial, delays by the People do not ordinarily implicate CPL 30.30 unless they constitute an actual impediment to the progress of the criminal action *(see, People v McKenna,* 76 NY2d 59, 62-64). Delays caused by court congestion do not affect the People's readiness and, therefore, are not an actual impediment to the action going forward. "Delays between indictment and the arraignment, like other court congestion, do not prevent the People from being ready for trial" *(People v Correa,* 77 NY2d 930, 931; *see also, People v Olivani, supra,* at 949). We, therefore, conclude that, in the present cases, the period of time between the People's declarations of trial readiness and defendants' arraignments is not chargeable to the People. Consequently, we conclude that the court improperly dismissed the indictment pursuant to CPL 30.30. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.— Dismiss Indictment.) Present—Pine, J. P., Wesley, Doerr, Davis and Boehm, JJ.