◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CLARKE, Appellant. [635 NYS2d 576] —Judgment reversed on the law, motion granted and indictment dismissed. Memorandum: On appeal from a judgment convicting him of burglary in the second degree and criminal mischief in the fourth degree, defendant contends that Supreme Court erred in denying his motion to dismiss those counts of the indictment pursuant to CPL 30.30. We agree. Defendant asserted in support of his motion that the action with respect to those counts was commenced on April 13, 1993, and that defendant was arraigned on October 15, 1993, 185 days later. In response to defendant's motion, the People asserted that they timely stated their readiness for trial on October 8, 1993. That statement, made before arraignment, is insufficient to satisfy CPL 30.30 (*see, People v Goss,* 214 AD2d 1007, *lv granted* 86 NY2d 744; *People v Avery,* 214 AD2d 1018, *lv granted* 86 NY2d 743).

Pine, J. P., and Doerr, J., concur; Fallon, Wesley and Davis, JJ., concur on constraint of *People v Goss* (214 AD2d 1007, *lv granted* 86 NY2d 744) and *People v Avery* (214 AD2d 1018, *lv granted* 86 NY2d 743). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.