OPINION OF THE COURT
Timothy J. Lawliss, J.
*102 A felony complaint was filed on September 1, 1998 in the Town of Plattsburgh, charging the defendant Ronald Rivers with operating a motor vehicle while intoxicated as a felony. On September 24, 1998, the Honorable Kevin Patnode of the Town of Plattsburgh Justice Court arraigned the defendant, assigned defense counsel, and accepted the defendant’s plea of not guilty. As a result of a series of adjournments, consented to by both the People and the defendant, a preliminary hearing was not conducted in this matter until December 2, 1998.
At the preliminary hearing, Justice Patnode held the matter over for further action by the Clinton County Grand Jury. At the conclusion of the preliminary hearing, defense counsel advised the Assistant District Attorney that his client would consent to proceed by superior court information (SCI). By letter dated December 3, 1998, defense counsel confirmed his client’s intention to proceed by superior court information.
Nothing further happened in connection with this matter until April 21, 1999, when the District Attorney’s Office sent written notification to both the Clinton County Court Clerk and defense counsel that a superior court information was drafted and the People were ready to proceed with trial. The defendant did not respond to the notification. The Court Clerk’s Office scheduled the arraignment upon the superior court information for July 7, 1999.
On July 7, 1999, the defendant declined to be prosecuted by superior court information and requested that the matter be presented to the Grand Jury. On July 15, 1999 the Clinton County Grand Jury returned an indictment (No. 99-46) against the defendant charging him with two counts of operating a motor vehicle while intoxicated as a felony and one count of aggravated unlicensed operation of a motor vehicle in the third degree as a misdemeanor. On August 9, 1999, the defendant was arraigned upon the indictment, pleaded not guilty and the People stated that they were ready for trial on the record.
On October 6, 1999, the defendant filed an omnibus motion requesting, among other relief, that the indictment be dismissed pursuant to CPL 30.30. The following day, October 7, 1999, the Clinton County Grand Jury returned a superseding indictment (No. 99-58) with respect to the third count of the original indictment (No. 99-46) which again charged the defendant with aggravated unlicensed operation in the third degree as a result of the same indictment.
Both parties apparently acknowledge that the period of time commencing with the filing of the felony complaint and conclud *103 ing with the preliminary hearing is chargeable to the defendant for purposes of CPL 30.30 analysis. The defendant argues that the entire period from December 2, 1998 (the preliminary hearing date) until August 9, 1999 (the date the defendant was arraigned upon the indictment) is chargeable to the People. In response, the People acknowledge that the time from December 2, 1998 (the date of the preliminary hearing) until April 21, 1999 (the date of the People’s notice regarding the proposed SCI and their statement of readiness) is chargeable to the People; however, the People argue that as a result of their readiness to file SCI and their written notice of readiness for trial, the time after April 21, 1999 is not chargeable to the People.
In support of their position, the People rely upon two New York Court of Appeals cases: People v Carter (91 NY2d 795 [1998]) and People v Goss (87 NY2d 792 [1996]). In both of those cases, the Court of Appeals held that the People could effectively make a statement of readiness prior to the defendant’s arraignment. In each of those cases, a valid indictment had been filed at the time that the People made their statement of readiness. In this case, on April 21, 1999 (the date of the People’s written notice of readiness) there was no superior court accusatory instrument filed. Neither of the cases relied upon by the People hold that the People can make a valid statement of readiness prior to the filing of a superior court accusatory instrument.
Any statement of readiness with respect to a felony made prior to the filing of the superior court accusatory instrument is an empty declaration. (See, People v Murray, 224 AD2d 968 [4th Dept 1996] [announcement of readiness on felony charge when the Grand Jury had not yet voted an indictment ineffective]; see also, People v Miniero, 179 Misc 2d 830 [Crim Ct, Kings County 1999]; People v Afshar, 152 Misc 2d 615 [Sup Ct, NY County 1991].)
The first time the People made a statement of readiness after a valid superior court accusatory instrument was filed was on August 9, 1999. Thus, for purposes of CPL 30.30 analysis, all time from December 2, 1998 through August 9, 1999 is chargeable to the People. Obviously, this time period far exceeds the six-month statutory limit. (CPL 30.30 [1] [a].)
The court also notes that the fact that the defendant initially represented that he was willing to be prosecuted by a superior court information does not affect the analysis. First, the waiver of the defendant’s right to be prosecuted by an indictment is *104 not effective until it is submitted in writing, executed in open court and approved by court order. (CPL 195.20, 195.30.) Until those three events occur, a defendant has an absolute right to change his position regarding his right to have the case presented to the Grand Jury. Second, the mere fact that the defendant was at one time willing to agree to an alternate method of prosecution does not in any way imply a consent for a delay in the prosecution. Third, by the time the defendant changed his position and indicated he would not consent to proceed by superior court information (July 7, 1999) more than six months had already been chargeable to the People.
The superseding indictment (No. 99-58) contains the exact same charge upon the same facts as the third count of the original indictment (No. 99-46) and, thus, has the same commencement date for purposes of CPL 30.30 analysis. Thus, the court’s analysis applies equally to the superseding indictment.
Accordingly, it is hereby ordered that Clinton County indictment No. 99-46 pending against Ronald R. Rivers is hereby dismissed; and it is further ordered that Clinton County indictment No. 99-58 pending against Ronald R. Rivers is hereby dismissed.