The People of the State of New York, Appellant,
against
Anthony Williams, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (Armando Montano, J.), dated January 29, 2016, which granted defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30.




Per Curiam.
Order (Armando Montano, J.), dated January 29, 2016, reversed, on the law, motion denied, information reinstated and matter remitted to Criminal Court for further proceedings.
Defendant was charged with falsely reporting an incident in the third degree (see Penal Law §§240.50[1],[2],[3][a]) and criminal impersonation in the second degree (see Penal Law §190.25[3]), upon allegations that he made four 911 calls, falsely identifying himself as a police "Sergeant Johnson" or "Sergeant Williams"; that he was "in need of assistance" because he was "punched in the face," "chas[ing] [a] suspect" or heard "shots fired"; that the deponent police officer responded to each call and "upon investigation," determined that said incidents did not occur; and that defendant admitted to the officer "I made the calls. I've done it before." 
The People's January 29, 2015 statement of readiness effectively stopped the "speedy trial" clock, inasmuch as the superseding accusatory instrument satisfied the nonhearsay requirement of CPL §100.40(1)(c) as of that date, since it contained either nonhearsay allegations of the deponent police officer who responded to each of the calls and determined that they were false, or allegations which "would be admissible under some hearsay rule exception" (People v Casey, 95 NY2d 354, 361 [2000]). In the latter regard, statements made by defendant during the 911 calls and his statement to the police that he made the calls are admissible under the party admission exception to the hearsay rule (see People v Davis, 213 AD2d 665 [1995], lv denied 86 NY2d 734 [1995] ["[t]he tape of the defendant's call to the telephone emergency 911 number after the incident was properly admitted as an admission"]; People v Collins, 301 AD2d 452 [2003], lv denied 1 NY3d 570 [2003] [statement made by defendant to a witness "properly received under the admission exception to the hearsay rule"]; People v Harris, 148 AD2d 469 [1989] ["any act or declaration of the accused inconsistent with his innocence is admissible as an admission"]).
In addition, Criminal Court erroneously charged the People with the time which elapsed during the course of the People's motion to reargue the Court's earlier ruling that the accusatory [*2]instrument was not converted to an information (see CPL 30.30[4][a]; People v Barham, 216 AD2d 477 [1995], lv denied 86 NY2d 790 [1995]; People v Chapman, 185 AD2d 892, 892-893 [1992], appeal withdrawn 80 NY2d 1025 [1992]; People v Pomales, 159 AD2d 451, 451-452 [1990], lv denied 76 NY2d 847 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2016