■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOYLE L. RUCKER, Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated, and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: The People appeal from an order dismissing the indictment against defendant on the ground that he was denied his statutory right to a speedy trial (CPL 30.30, 210.20 [1] [g]). The basis for the court's ruling was its conclusion that periods of delay attributable to defendant

during the pendency of a superseded indictment were not excludable in calculating the timeliness of the People's declaration of readiness on the superseding indictment. Defendant now concedes that such periods of delay are excludable in determining the People's readiness on the superseding indictment (*People v Kopciowski*, 68 NY2d 615, 616-617; *People v Sinistaj*, 67 NY2d 236), but maintains, nonetheless, that the People's declaration of readiness was untimely. We disagree.

In support of his speedy trial motion, defendant showed a lapse of 270 days between the filing of the initial accusatory instrument on June 23, 1984 and the People's declaration of readiness on the superseding indictment on March 20, 1985. It thus was the People's burden to show periods of excused delay in excess of 87 days in order to bring this case within the six-month readiness rule (*see,* CPL 30.30 [1] [a]; *People v Lomax*, 50 NY2d 351, 356-357). The People sustained that burden. First, defendant is chargeable with six days between March 14, 1985, when defense counsel requested a two-week adjournment, and March 20, 1985, when the People declared their readiness on the second indictment (CPL 30.30 [4] [b]). Second, defendant is chargeable with 42 days between October 3, 1984 and November 14, 1984. That delay is directly attributable to defense counsel's request for adjournments of 7 days, 9 days, and 26 days, respectively, on October 3, 10 and 19, 1984 (CPL 30.30 [4] [b]). Finally, the 56-day period between November 14, 1984, when defendant made an omnibus motion, and January 9, 1985, when the court initially denied defendant's motion to dismiss the indictment, must be excluded. CPL 30.30 (4) (a) requires exclusion of reasonable periods of delay resulting from defendant's pretrial motions, including periods in which such motions are under consideration by the court. While defendant argues that he is not chargeable with this entire period because part of it is attributable to the People's alleged delay in submitting the Grand Jury minutes to the court, we do not view the 56-day period as longer than reasonable for the court's consideration and determination of defendant's omnibus motion.

Since the People demonstrated that periods of delay totaling at least 104 days are properly chargeable to defendant, they sustained their burden of showing the timeliness of their declaration of readiness. (Appeal from order of Monroe County Court, Celli, J.—dismiss indictment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.