■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE L. HALL, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE L. HALL, Appellant.—Judgment of the Supreme Court, Bronx County (Peggy Bernheim, J.), rendered January 11, 1988, convicting defendant, after a jury trial, of two counts of rape in the first degree, three counts of sodomy in the first degree, burglary in the first degree, sexual

abuse in the first degree, burglary in the second degree, attempted rape in the first degree, attempted burglary in the second degree and criminal trespass in the third degree and sentencing him, as a predicate violent felony offender, to concurrent and consecutive terms of imprisonment totaling 56 to 112 years, unanimously affirmed.

Judgment of the Supreme Court, Bronx County (Vincent A. Vitale, J.), rendered on June 9, 1988, convicting defendant, after a jury trial, of two counts of rape in the first degree, three counts of burglary in the first degree and one count each of attempted rape in the first degree and sodomy in the first degree and sentencing him, as a second violent felony offender, to consecutive and concurrent terms of imprisonment totaling 25 to 50 years, unanimously affirmed.

Regarding both convictions, probable cause existed to support the issuance of the search warrant that was executed at defendant's apartment. Such probable cause need not constitute proof beyond a reasonable doubt, but merely information sufficient to support a reasonable belief that evidence of a crime may be found in a certain place. (People v Bigelow, 66 NY2d 417, 423.) In his affidavit, the detective gave details of the defendant's apprehension which coincided with the unique aspect of the crimes committed against the victims. All the victims, with the exception of one, were attacked in the early morning hours at knifepoint and access to their respective apartments was gained via a window or fire escape. Two of the victims said defendant took their underwear and that he wiped himself after raping them. When apprehended, in the early morning hours, defendant was coming down from a rooftop and fire escape in the same vicinity where two of the victims lived. He was in possession of a knife, a roll of toilet paper and a pair of white panty hose.

Regarding defendant's January 11, 1988 conviction, his claims that the People's comments during summation were improper have either not been preserved for appellate review, are without merit, or the comments were harmless error in view of the overwhelming evidence of guilt against him. (People v Crimmins, 36 NY2d 230.) Defendant confessed to all four crimes. His confession mirrored the complainants' accounts of the crimes, including the fact that he would take his victims' underwear. Furthermore, property taken during one of the crimes was recovered from the defendant's apartment.

Finally, defendant's crimes were most serious and heinous, all committed while he was out on parole from a previous

conviction for rape. Under these circumstances, we do not perceive any abuse of discretion by either sentencing court warranting a reduction in the sentences imposed. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.