THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GLEN IRELAND, Respondent.—Order unanimously reversed on the law, motion denied and matter remitted to Supreme Court

for further proceedings on the indictment. Memorandum: The suppression court erred in granting defendant's motion to suppress the blood, saliva, and hair samples taken from him pursuant to court order. Contrary to the determination of the suppression court, we determine that the order authorizing the taking of the samples was supported by a showing of probable cause to believe that defendant had committed the crime of rape.

The sworn statements submitted with the application for the order show that an intruder entered the victim's bedroom at 11:00 P.M., blindfolded her, and raped her at knife point. Defendant worked for the county highway department as a timekeeper and the office and parking lot of the highway department were located directly across the street from the victim's house. On the evening of the rape, the watchman employed by the highway department saw defendant drive his pickup truck past the highway department building. At 9:45 P.M., he saw defendant's truck in the parking lot but defendant was not in it. At 10:30 P.M., he saw that the truck was still there, unoccupied. At that time, the lights in the house across the street were still on. Ten minutes later, the downstairs lights in the house went off and an upstairs light went on. At 11:30 P.M., defendant came into the highway department office and was sweating. At 11:40 P.M., after defendant left, the watchman noticed that the lights in the house across the street were on again. Shortly thereafter, the police arrived. The watchman also stated that, on at least two occasions in the past two and four weeks before the victim was raped, he had observed defendant in the parking lot, late at night, viewing the woman across the street through binoculars. On each of those occasions, defendant was not working. Those facts are sufficient to demonstrate probable cause because they "collectively [are] of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense [rape] was committed and that such person [defendant] committed it" (CPL 70.10 [2]). (Appeal from Order of Supreme Court, Onondaga County, Gorman, J.—Suppress Evidence.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.