OPINION OF THE COURT
Titone, J.
This appeal concerns the ongoing effect, if any, that a CPL 450.50 (1) statement has after an appeal taken by the People pursuant to CPL 450.20 (8) has been withdrawn with the permission of the appellate court.
Following the trial court’s decision to suppress certain evidence that the People had intended to introduce at defen *89 dant’s trial, the People filed a notice of appeal along with the required CPL 450.50 (1) statement, which asserted that the suppression order "rendered the sum of proof available to the People * * * either legally insufficient or so weak in its entirety that any reasonable probability of obtaining a conviction * * * has been effectively destroyed” (see, CPL 450.20 [8]). Approximately six weeks later, however, the People moved for leave to withdraw their appeal, asserting in an affidavit that "the matter has been further reviewed and it has been determined that although the People’s case has been considerably weakened by the suppression order, a trial of defendant is the most appropriate procedural avenue.” The People’s motion for leave to withdraw the appeal was granted by order of the Appellate Division dated October 16, 1989, and the appeal was, in fact, withdrawn.
After the appeal’s withdrawal, defendant moved in the trial court for dismissal of the indictment. Relying on CPL 450.50 (2) and this Court’s decision in Matter of Forte v Supreme Ct. (48 NY2d 179), defendant argued that the People’s CPL 450.50 (1) statement was binding on them and that further prosecution of the indictment was now foreclosed. The trial court adopted defendant’s argument and dismissed the indictment. The Appellate Division, however, reversed and reinstated the indictment. Citing some of the language used in Matter of Forte v Supreme Ct. (supra, at 188) and People v Kates (53 NY2d 591, 596-597), the Court concluded that CPL 450.50 (2) does not operate to bar further prosecution of an indictment unless and until the underlying People’s appeal actually culminates in an affirmance. We agree with the Appellate Division’s conclusion, but inasmuch as neither Forte nor Kates resolves the issue presented here, we reach that conclusion by a somewhat different route.
CPL 450.20 (8) authorizes the People to take an appeal from a trial court order suppressing evidence, provided that they file a CPL 450.50 (1) statement to the effect that the order to be appealed has rendered their case either "insufficient as a matter of law” or "so weak in its entirety that any reasonable possibility of prosecuting * * * has been effectively destroyed.” The purpose of these interlocking provisions is to limit appeals by the People from suppression orders to cases in which the order is so devastating to the People’s case that, as a practical matter, it ends the prosecution (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 450.50, at 568-569). Under CPL 450.50 (2), "[t]he *90 taking of an appeal * * * pursuant to [CPL 450.20 (8)] * * * constitutes a bar to the prosecution of the accusatory instrument * * * unless and until [the] suppression order is reversed upon appeal and vacated.”
Relying on the underscored language, defendant argues that it is the act of "taking” the appeal that operates as a bar to further prosecution and that, accordingly, the Appellate Division was in error when it held that the statutory bar is inoperative unless and until the suppression order is upheld on appeal. This argument has much merit in the abstract, but it does not advance defendant’s position in this case. An appeal that has been "withdrawn” with the permission of the court is a nullity. Consequently, a withdrawn appeal is not an appeal that has been "taken” within the meaning of CPL 450.50 (2) and the bar to further prosecution contemplated by that statute is not applicable. Further, if the appellate court has authorized the withdrawal of an appeal, the accompanying CPL 450.50 (1) statement is necessarily withdrawn along with it and, in consequence, it is of no further legal significance.
We note that the appellate courts remain free to deny permission to withdraw an appeal, particularly where they perceive some form of prosecutorial bad faith or a pattern of misuse of the withdrawal option. We further note that because a withdrawn appeal by the People is a nullity, it cannot serve as the basis for an exclusion from the time within which the People must be ready for trial pursuant to CPL 30.30 (see, CPL 30.30 [4] [a] [excluding "a reasonable period of delay resulting from other proceedings concerning the defendant, including * * * appeals”]). Thus, as the Appellate Division held, the People’s time to become ready will be deemed to have continued to run notwithstanding their CPL 450.20 (8) appeal if, in fact, that appeal is withdrawn before it is determined.
In this case, the People’s appeal was withdrawn with the permission of the Appellate Division, which evidently perceived no bad faith or pattern of abuse. When the appeal was withdrawn, the CPL 450.50 (1) statement was concomitantly withdrawn and posed no bar to further prosecution on the indictment.
*91 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur.
Order affirmed.