■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN IRELAND, Appellant. [630 NYS2d 177] —Order unanimously affirmed. Memorandum: This matter, concerning the forcible rape of a woman in her home on July 15, 1989, has been before our Court on two previous occasions (*People v Ireland*, 178 AD2d 1008, *lv denied* 79 NY2d 948; *Matter of Fitzpatrick v Brandt*, 198 AD2d 921, *lv denied* 83 NY2d 753).

Following the appeal in *People v Ireland (supra)*, County Court conducted a *Frye* hearing (*see, Frye v United States*, 293 F 1013) to determine the admissibility of DNA-profiling evidence. On May 11, 1993, the court granted suppression of that evidence. The People filed a notice of appeal from that order

and a statement pursuant to CPL 450.50 that they were unable to proceed to trial without the DNA evidence. While that appeal was pending, the People commenced a CPLR article 78 proceeding in the nature of prohibition challenging the court's suppression order. Our Court dismissed that proceeding (*Matter of Fitzpatrick v Brandt, supra*). On January 14, 1994, the People withdrew their appeal.

On May 12, 1994, 366 days after the suppression order, the People made a motion for reconsideration, based upon the decision in *People v Wesley* (83 NY2d 417) that found DNA-profiling evidence admissible in New York. Defendant cross-moved to dismiss the indictment based upon the People's post-readiness delay in excess of the statutory 180-day period. The court concluded that the motion to reconsider was untimely because it was not made within 30 days of the prior order. We conclude that the People's motion to reargue the non-appealable order was untimely, not because it was not made within 30 days, but rather, because it was not made "within a reasonable time" after the original order (*Matter of William H. Van Vleck, Inc. v Klein*, 50 Misc 2d 622, 623; *cf., Bermudez v New York City Hous. Auth.*, 199 AD2d 356, 357). Although there is no absolute rule with respect to the time within which a motion for reargument may be made, a period of 366 days is not reasonable (*cf., People v Fay*, 183 Misc 708, 710).

The court properly granted defendant's motion to dismiss the indictment pursuant to CPL 30.30. Even though the People answered ready for trial within the statutory time period, a motion to dismiss pursuant to CPL 30.30 may be made based upon post-readiness delay by the People (*see, People v Anderson*, 66 NY2d 529). Defendant maintains that two overlapping periods of post-announcement of readiness delay are chargeable to the People. The first period is from May 14, 1993, when the People filed their notice of appeal from the suppression order, until January 14, 1994, when the People moved to withdraw the appeal, a period of eight months. The second period is from September 9, 1993, when the People commenced their article 78 proceeding, until March 22, 1994, when the Court of Appeals denied leave to appeal, a period of over six months.

The withdrawal of an appeal by the People is a nullity and cannot serve as a basis for an exclusion of time within which the People must be ready for trial pursuant to CPL 30.30 (*see, People v McIntosh*, 80 NY2d 87, 90). Thus, the eight-month period from May 14, 1993 to January 14, 1994, when the People's appeal was pending until it was withdrawn by the People, is

chargeable to the People and amounts to post-readiness delay in excess of the statutory time period. The People, however, seek to exclude the time period that their CPLR article 78 proceeding was pending, to wit, from September 9, 1993 until March 22, 1994. The People argue that the article 78 proceeding was the "functional equivalent of an appeal" and should be excluded under CPL 30.30 (4) (a) as a "proceeding * * * concerning the defendant". If so, the period of post-readiness delay chargeable to the People would be only from May 14, 1993 (the date of the People's appeal from the suppression order) until September 9, 1993 (the date the article 78 proceeding was commenced), or a little less than four months. In our view, the People should not be allowed to utilize a patently inappropriate article 78 proceeding (*see, Matter of Fitzpatrick v Brandt, supra; see also, Matter of State of New York v King*, 36 NY2d 59) to circumvent the time limitations set forth in CPL 30.30. Therefore, we conclude that the period of the People's post-readiness delay was in excess of the statutory six-month period. (Appeal from Order of Onondaga County Court, Mc Carthy, J.—Dismiss Indictment.) Present—Lawton, J. P., Fallon, Wesley, Callahan and Doerr, JJ.