[654 NYS2d 890]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINO GRECO, Appellant.

Fourth Department, March 14, 1997

24

## APPEARANCES OF COUNSEL

*Linda S. Reynolds,* Buffalo *(Kristin Preve* of counsel), for appellant.

*Kevin M. Dillon, District Attorney* of Erie County, Buffalo *(Donna Milling* of counsel), for respondent.

## OPINION OF THE COURT

BOEHM, J.

Defendant appeals from a judgment, entered after a jury trial, convicting him of six counts of sodomy in the first degree (Penal Law § 130.50 [1]), four counts of sexual abuse in the first degree (Penal Law § 130.65 [1]), six counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), two counts of robbery in the first degree (Penal Law § 160.15 [3]), and one count of burglary in the first degree (Penal Law § 140.30 [3]).

### I

The charges underlying the convictions accused defendant of forcible sexual assaults upon six women between November 14, 1989 and April 21, 1990. On October 3, 1991, defendant was indicted on six counts of first degree sodomy, five counts of first

degree sexual abuse, six counts of third degree criminal possession of a weapon, and two counts of third degree robbery (indictment No. 90-0122-001).

By letter dated October 4, 1991, the prosecutor informed defendant of the indictment and that his arraignment was scheduled for October 11, 1991. On October 11, 1991, the prosecutor received a letter from defendant, postmarked October 10, 1991, but dated September 27, 1991, requesting the opportunity to testify before the Grand Jury. As the indictment had already been filed, that request could not be met. When arraigned on October 11, 1991, defendant timely moved to dismiss the indictment on the ground that he had been denied the right, under CPL 190.50, to testify before the Grand Jury. County Court reserved decision.

On November 21, 1991, the People sought a superseding indictment before the same Grand Jury, at which time no additional proof was presented. The Grand Jury voted superseding indictment No. 90-0122-SO1, containing the same charges but adding a charge of first degree burglary and raising the counts charging third degree robbery to first degree robbery. That indictment was filed on November 21, 1991. At his arraignment on the superseding indictment, defendant again timely moved to dismiss based on the same ground that he had been denied the right to testify before the Grand Jury. The court again reserved decision.

Thereafter, based upon legal insufficiency of the evidence of identification, the court granted defendant's motion to dismiss counts 11 through 13 of the superseding indictment that charged defendant with assault on one of the victims. The prosecutor re-presented those counts to another Grand Jury, this time offering defendant the opportunity to testify. Defendant refused to testify unless he could testify with respect to all of the charges, including those for which he had already been indicted. On March 4, 1992, the Grand Jury voted the new indictment (indictment No. 92-0445-001) and the People announced their readiness for trial. Thereafter, the court denied defendant's motion to dismiss the superseding indictment (indictment No. 90-0122-SO1), concluding that defendant's request to testify before that Grand Jury was not genuine but was "a last minute tactic to obtain dismissal of the indictment", especially in light of defendant's refusal to testify before the Grand Jury when offered the opportunity to do so.

## II

■ We conclude that the court erred in denying defendant's motion to dismiss the superseding indictment. A defendant has the right to appear before a Grand Jury when "prior to the filing of any indictment * * * he serves upon the district attorney * * * a written notice making such request" (CPL 190.50 [5] [a]). In our view, this right would apply to an appearance before a Grand Jury considering a superseding indictment. The policy behind the legislation supports this interpretation. "CPL 190.50 [5] together with its history and purpose warrants the conclusion that the Legislature intended that individuals who give timely notice reasonably prior to the prosecution's presentment of evidence and prior to the Grand Jury vote on an indictment are entitled to testify before the vote. This interpretation properly effectuates the purposes underlying the statute by protecting defendants' valued statutory option to appear at this critical accusatory stage to offer testimony that may affect the Grand Jury's consideration of the otherwise exclusive, ex parte presentment of evidence by the prosecution" (*People v Evans*, 79 NY2d 407, 413-414). Although the People may "resubmit charges, without notice to defendant or leave of court, to the same Grand Jury or to a new Grand Jury to obtain a new, superseding indictment" (*People v Franco*, 86 NY2d 493, 499; *see, People v Cade*, 74 NY2d 410, 414-416), that option does not obviate the necessity of informing a defendant of such resubmission once he has made a request in writing to appear before the Grand Jury.

Contrary to the People's contention, defendant's "valued statutory" right to testify before the Grand Jury exists even where, as here, the People obtain a superseding indictment without presenting new evidence to the Grand Jury (*People v Evans, supra,* at 414). When the District Attorney seeks a superseding indictment there is no guarantee that the Grand Jury will vote another true bill. If the Grand Jury does not return a true bill after re-presentment of the charges that are contained in the original indictment, the Grand Jury's return of "no true bill" creates a legal impediment to conviction of defendant requiring dismissal of the indictment. As the Court of Appeals noted in *People v Franco (supra,* at 498-499): "[I]t was the People's action in re-presenting all of the charges already considered by the prior Grand Jury that caused the impediment and invalidated the action of the first Grand Jury. The indictment thus became subject to dismissal under CPL 210.20 (1) (h) [footnote omitted]. By re-presenting those charges al-

ready contained in an indictment, the People took the calculated risk that the second Grand Jury could view the evidence favorably toward defendant" (see generally, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 190.50, at 284).

Thus, defendant's written request to appear, although not timely with respect to the October 3, 1991 indictment, was timely with respect to the November 21, 1991 superseding indictment, and defendant should have been afforded his statutory right to appear and testify before the superseding indictment was filed. The court recognized that right in its decision, stating that if defendant's notice had merely been late and defendant had not refused to testify before the other Grand Jury the court would have deemed his notice to be effective in regard to the re-presentment, as "the District Attorney clearly was on notice that the defendant wished to testify before the Grand Jury". Although the court may have had serious doubts about the bona fides of defendant's request, there is nothing in the statute to indicate that a defendant's state of mind plays any role in determining whether the required notice was properly given.

This result compels the regrettable necessity of reversing the conviction under the superseding indictment (No. 90-0122-SO1), vacating the sentences imposed thereon and dismissing that indictment (see, People v Evans, supra, at 415; People v Skrine, 125 AD2d 507).

In determining whether the indictment should be dismissed with prejudice, we have considered and reject as without merit those contentions of defendant seeking to preclude the People from re-presenting the charges to another Grand Jury. Upon our examination of the record, we conclude that neither defendant's statutory right to a speedy trial (see, CPL 30.20, 30.30; People v Pomales, 159 AD2d 451, lv denied 76 NY2d 847; People v Rucker, 132 AD2d 968, lv denied 70 NY2d 803) nor the constitutional right to a speedy trial was violated (see, People v Taranovich, 37 NY2d 442, 445; People v Collins, 98 AD2d 947, 948).

■ We also reject the contention of defendant that the court improperly admitted the DNA evidence and that, in the absence of such evidence, his conviction with respect to the charges involving two of the complainants is legally insufficient. The court properly exercised its discretion in reopening the Frye hearing to enable the People to present further evidence regarding the reliability and acceptability of DNA evi-

dence in the scientific community, particularly with respect to the so-called "ceiling principle". The "ceiling principle" was created to address a controversy in the field of genetics concerning whether the Federal Bureau of Investigation and the companies performing DNA analysis were taking into account subpopulations within the broad racial and ethnic groups of their databases. As the trial court noted, no general consensus had as yet developed among human population geneticists whether to accept the "ceiling principle" until sometime after the close of proof in the first *Frye* hearing on May 7, 1992. On September 21, 1993, the court granted the People's motion to reopen to enable the People to show that there is now a consensus regarding the reliability of DNA analysis in the scientific community. Of significance is the fact that, in the interim between the *Frye* hearing and the People's motion to reopen, the court had ruled in another case that DNA evidence was admissible. After the hearing was reopened and further evidence presented, the court found that a consensus does now exist and specifically referred to its ruling in the other case, where it had held that DNA analysis is accepted by the scientific community as a reliable method of identifying individuals. The court, therefore, denied defendant's motion to suppress the DNA evidence (*see, People v Wesley*, 83 NY2d 417).

It is evident that the court, in reopening the hearing, properly treated the People's motion as one to renew. "An application for leave to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court" (*Foley v Roche*, 68 AD2d 558, 568). Here, although the facts about the reliability of the "ceiling principle" were known in May 1992, there was not a consensus regarding its acceptability at that time. Further, it was within the sound discretion of the trial court whether to reopen the hearing (*see, People v Mercado*, 62 NY2d 866; *People v Corso*, 135 AD2d 551). We reject the contention of defendant that the People's motion to reopen was untimely (*cf., People v Ireland*, 217 AD2d 971, 972). Finally, the evidence supporting defendant's conviction with respect to those charges in which the DNA evidence is offered is legally sufficient even absent such evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Accordingly, the conviction under indictment No. 90-0122-SO1 should be reversed, defendant's motion to dismiss granted and the indictment dismissed without prejudice to the People

to re-present any appropriate charges to another Grand Jury (*see, People v Prest*, 105 AD2d 1078, 1079).

### III

██ Turning to the contentions of defendant with respect to indictment No. 92-0445-001, we conclude that the indictment should not be dismissed and that the conviction under that indictment should be affirmed.

Defendant was afforded the right to testify before the Grand Jury with respect to indictment No. 92-0445-001, but he did not avail himself of that opportunity and thereby waived his right to appear. The evidence supporting his conviction of those charges is legally sufficient and his conviction is not against the weight of the evidence (*see, People v Bleakley, supra*, at 495). The complainant identified defendant in a lineup when she heard him speak. Voice identification is admissible, subject to the same due process safeguards as visual identification (*see, People v Collins*, 60 NY2d 214; *People v Allweiss*, 48 NY2d 40; *People v Carroll*, 182 AD2d 693, *lv denied* 80 NY2d 902). An inmate incarcerated with defendant after his arrest testified that defendant told him that he had made his victims perform acts of sodomy. Items of clothing seized from defendant's residence pursuant to a search warrant closely matched the description of the clothing defendant wore at the time of the attack upon the complainant. Further, defendant's modus operandi, as testified to by the other victims, supports defendant's conviction. Defendant does not directly argue that the dismissal of the superseding indictment involving the other victims made their testimony concerning defendant's modus operandi excludable. Their testimony regarding defendant's modus operandi would be admissible in any event (*see, People v Allweiss, supra*, at 47; *People v Molineux*, 168 NY2d 264, 293-294). We further conclude that the People disproved defendant's alibi defense beyond a reasonable doubt (*see, People v Burks*, 227 AD2d 905, *lv denied* 88 NY2d 981).

The contention of defendant that the court erred in admitting the testimony of the inmate is without merit. That testimony "described events similar to those charged in the indictment and so close in time and circumstances as to make the victim's testimony more credible and worthy of belief" (*People v Tice*, 147 AD2d 776, 778, *lv denied* 74 NY2d 748).

The affidavit supporting the application for the search warrant that was executed at defendant's residence provided ample information to support the finding of probable cause (*see, People*

*v Heyward*, 193 AD2d 1137, *lv denied* 83 NY2d 1004; *People v Hall*, 163 AD2d 161, *lv denied* 76 NY2d 893). Probable cause need not constitute proof beyond a reasonable doubt, but merely information sufficient to support a reasonable belief that evidence may be found in a certain place (*see, People v Bigelow*, 66 NY2d 417, 423). The contention of defendant that he was deprived of a fair trial because of prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

■ We reject the further contention of defendant that the court erred in denying his motion for a persistent violent felony offender hearing. Defendant failed to specify, either before the sentencing court or on appeal, what factual allegations in the persistent violent felony offender statement formed the basis of his contention that his prior violent felony conviction was illegally obtained (*see,* CPL 400.15, 400.16; *People v West*, 181 AD2d 945).

Finally, in light of the nature of the crime, we conclude that defendant's sentence is neither unduly harsh nor severe.

### IV

Accordingly, the judgment should be modified by reversing the conviction under indictment No. 90-0122-SO1, granting defendant's motion to dismiss and dismissing that indictment without prejudice to the People to re-present any appropriate charges to another Grand Jury. The conviction under indictment No. 92-0445-001 should be affirmed.

GREEN, J. P., PINE, DOERR and FALLON, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, in accordance with the opinion by BOEHM, J.