OPINION OF THE COURT
Ruth Pickholz, J.
The defendant is charged with two counts of assault in the *48 third degree (Penal Law § 120.00 [1], [2]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), harassment in the second degree (Penal Law § 240.26 [1]), aggravated harassment in the second degree (Penal Law § 240.30 [1]), and endangering the welfare of a child (Penal Law § 260.10 [2]). Defendant moves for dismissal of the information on the ground that he has been denied his statutory right to a speedy trial.
Pursuant to CPL 30.30 (1) (b), a motion to dismiss on speedy trial grounds must be granted where the People are not ready for trial within 90 days of the commencement of the criminal action. (CPL 30.30 [1] [b]; 170.30 [1] [e].) Based on a review of the official court file and the submissions of the parties, defendant’s motion is granted. The court finds as follows:
On November 15, 1999, the defendant was arraigned on this matter. A supporting deposition was filed and served and the court adjourned the case to November 19 for additional corroboration.
On November 19, 1999 this case was before a different Judge, and the People had not yet obtained a second supporting deposition. The court then adjourned this matter to January 20, 2000 for the People to obtain the second supporting deposition.
On January 20, 2000 a third Judge ruled that further corroboration was not necessary and deemed the complaint an information. The People now argue that the entire period between November 15, 1999 and January 20, 2000 is excludable due to the erroneous ruling at arraignment and their reliance on the third Judge’s ruling deeming the complaint an information as of the arraignment date.[1] For the following reasons, this argument is without merit.
First, the People’s subsequent reliance on the January 20 ruling is not only misplaced but also irrelevant to our analysis. The court file merely indicates that a second supporting deposition was not necessary and that the complaint was deemed an information. Such a ruling does not obviate the need for the People to be ready within the statutory period or to justify any delay in the proceedings. Once the defendant has shown the existence of a delay beyond 90 days the burden of proving that certain periods should be excluded falls on the People. (See, People v Berkowitz, 50 NY2d 333, 349 [1980].) In the instant *49 matter the People have failed to identify any statutory exclusion for the period between the defendant’s arraignment on November 15 and the court’s ruling on January 20. In fact, although the arraignment court was mistaken about the need for further corroboration, the People cannot even offer an explanation for the lengthy adjournment or their inaction during this period. As the defendant points out, the People had several alternatives available to them, including advancing the case to either reargue the matter or file a second supporting deposition, or the filing of a certificate of readiness to remedy what they perceived to be an error by the court. (See, People v Smith, 82 NY2d 676, 678 [1993] [delays caused by the court do not excuse the People from timely declaring their readiness for trial].) Either course of action would have resulted in the matter being adjourned for motion practice or for trial, either of which would have tolled the speedy trial clock. The prosecution’s intentional inaction, however, precludes any statutory exclusion pursuant to CPL 30.30 (4).
Second, and contrary to the People’s contention, even if the presiding Judge’s ruling on January 20 had excluded the period from November 15 to January 20, this court would not be bound by that ruling. (People v Berkowitz, 50 NY2d, supra, at 349.) Such a determination cannot be made sua sponte by the court when the adjournment is granted. (Id.., at 349.) Instead, it must follow an adversarial proceeding prompted by a motion to dismiss on speedy trial grounds at which the defendant has ample opportunity to argue that the particular period should not be excluded. (Id.)
Finally, any argument of reliance on the January 20 ruling ignores the fact that the People chose to disregard two prior rulings of two different Judges that had adjourned this matter for further corroboration. To accept such an argument would be tantamount to allowing the prosecution to pick and choose what rulings to rely on while ignoring others that may be less than favorable, something this court cannot condone.
There being no statutory basis for excluding the time between November 15, 1999 and January 20, 2000, a total of 66 days is chargeable to the People during this period.
After deeming the complaint an information on January 20, 2000, the court adjourned this matter to March 2, 2000 for pretrial motions. This time is excludable pursuant to CPL 30.30 (4) (a). (See generally, People v Worley, 66 NY2d 523 [1985].)
On February 22, 2000, the People filed and served upon the defendant an off-calendar certificate of readiness.
*50 On March 2, 2000, the case was adjourned to March 29, 2000 for a hearing on defendant’s omnibus motion. This time is excludable. (CPL 30.30 [4] [a]; People v Green, 90 AD2d 705 [1st Dept 1982], lv denied 58 NY2d 784 [1982].)
On March 29, 2000, the People withdrew statement notice, rendering a hearing on defendant’s motion to suppress unnecessary. The People were not ready[2] and the matter was adjourned to April 12, 2000 for trial. Therefore, a total of 14 days is chargeable during this period.
On April 12, 2000, the People were not ready to proceed. Although the People requested that the matter be adjourned to April 17, 2000, the court adjourned the case until May 15, 2000. Since this case was in a postreadiness posture due to the certificate of readiness filed and served on February 22, 2000, only five days are chargeable to the People during this period. (People v Smith, 82 NY2d, supra, at 678; People v Urraea, 214 AD2d 378 [1st Dept 1995], citing People ex rel. Sykes v Mitchell, 184 AD2d 466, 468 [1st Dept 1992].)
On May 15, 2000, the People were not ready and the case was adjourned to May 22, 2000 for trial. A total of seven days is chargeable during this period.
Again, on May 22, 2000, the People were not ready to proceed and the matter was adjourned to June 15, 2000 for trial. Although the court file has no such notation, the People claim that they requested the matter adjourned to June 1, 2000. Because the defendant has not disputed the People’s assertion on this point, it will be accepted by the court. Therefore, because this case was in a postreadiness posture, only 10 days are chargeable to the People during this period. (People v Smith, 82 NY2d, supra, at 678; People v Urraea, 214 AD2d, supra, at 378.)
On June 15, 2000, the People were not ready as the assigned Assistant District Attorney was engaged in the trial of another matter. This case was adjourned to August 3, 2000 for trial. A total of 49 days is chargeable to the People during this period.
On August 3, 2000, defense counsel filed and served the instant motion to dismiss. The case was then adjourned to *51 August 7, 2000 for response and decision. On August 7, 2000, the People filed their response to the instant motion to dismiss. Although the reason is not clear, the court file indicates that this matter was adjourned to August 8, 2000, again for the People to file a response. On August 8, 2000, the People filed a supplemental response and this court adjourned the case to September 18, 2000 for decision. On September 18, 2000, the court had not yet rendered a decision and this matter was adjourned to October 10, 2000 for final decision. Again, any delay occasioned by pretrial motions is excludable pursuant to CPL 30.30 (4) (a).
In sum, a total of 151 days is chargeable to the People since the commencement of this action on November 15, 1999. Since more than 90 days have elapsed from the commencement of the action, the motion to dismiss must be granted.

. Although the court file has no such notation, the defendant has not disputed the People’s assertion on this point. Accordingly, it will be accepted by the court.

. In the People’s supplemental response to defendant’s speedy trial motion, the People state that they were both not ready for trial and that they answered ready for trial, and then acknowledge that the period is chargeable to them. Given the People’s confusion, the absence of any reference to the People’s readiness in the court file, and the People’s obligation to justify any delay, the court holds that the People were not ready for trial on March 29, 2000.