■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HARRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered February 26, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges the qualifications of the People's expert witness, a document examiner, claiming he was incompetent to testify as a matter of law to the effect that the defendant wrote the note used to demand money in the course of the robbery. After a lengthy examination of the expert witness and in response to the court's inquiry, defense counsel indicated that he had no objection to the qualifications of the document examiner and stated "I think he should testify". By failing to register a protest or to object to the expert's testimony at the time the trial court made its ruling and indeed by acquiescing in the court's decision in this regard, any alleged error related thereto has not been preserved for appellate review *(see,* CPL 470.05 [2]). Nor do we find reason to review the error in the exercise of our interest of justice jurisdiction.

The defendant next contends that the testimony of the prosecution witness Kim Wright based upon her conversations with him was inadmissible under the hearsay rule. We disagree. Any act or declaration of the accused inconsistent with his innocence is admissible as an admission *(see, People v Bretagna,* 298 NY 323; Richardson, Evidence § 212 [Prince 10th ed]).

Finally, viewing the evidence adduced at trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.