■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER SHOWERS, Appellant. [752 NYS2d 53] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered May 11, 2000, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The court made a sufficient inquiry into whether the race-neutral reason offered by the prosecutor for challenging the panelist at issue was pretextual. Although the court may have initially expressed some skepticism about the offered race-neutral reason, the court made further inquiries of the prosecutor and satisfied itself that there was no racial discrimination. The record supports the court's implicit findings that the prosecutor had overheard the panelist utter a comment that could be construed as hostile to police officers, and that this race-neutral reason for challenging the panelist was not pretextual (*see People v Turner*, 294 AD2d 192, *lv denied* 98 NY2d 732). These findings are entitled to great deference (*see People v Hernandez*, 75 NY2d 350, *affd* 500 US 352).

By failing to object, or by making generalized objections, defendant failed to preserve his challenges to the prosecutor's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged summation remarks constituted fair comment on the evidence and were responsive to defendant's summation (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976;

*People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court properly admitted a statement made by defendant in a prior court proceeding. "Any act or declaration of the accused inconsistent with his innocence is admissible as an admission" (*People v Harris*, 148 AD2d 469, 469). Defendant's statement tended to connect him with an item that had been stolen from the victim.

We perceive no basis for reducing the sentence. Concur—Williams, P.J., Andrias, Buckley, Lerner and Gonzalez, JJ.