■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER COLLINS, Appellant. [755 NYS2d 365] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered April 13, 1999, convicting defendant, after a jury trial, of manslaughter in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 12½ to 25 years and 2⅓ to 7 years, concurrent with a term of 7½ to 15 years, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility were properly considered by the trier of facts and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94). The fact that the jury rendered a mixed verdict does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557).

The court properly admitted testimony about a statement made by defendant to a witness two days before the incident, which clearly reflected defendant's intent to harm his ultimate victims. The record reflects that the statement was properly received under the admission exception to the hearsay rule because it was inconsistent with defendant's position at trial (*see People v Harris*, 148 AD2d 469). This statement was also highly probative of defendant's continuing state of mind at the time of the crime.

The court properly refused to charge the jury on the defense

of justification. Viewing the evidence in a light most favorable to defendant, there was no reasonable view of the evidence that would support a finding that defendant's alleged belief that someone was using or was about to use deadly physical force against him was reasonable (*see People v Cox*, 92 NY2d 1002, 1004; *People v Watts*, 57 NY2d 299, 301-302; *see also People v Ramirez*, 284 AD2d 161, *lv denied* 97 NY2d 687 [codefendant's appeal raising similar issue]). Furthermore, the evidence clearly establishes that defendant could have retreated from the scene in complete safety (*see People v Collice*, 41 NY2d 906).

The existing record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714). Trial counsel was not ineffective for failing to request a missing witness charge for a fifth victim of the shooting since defendant was not entitled to such a charge (*see People v Gonzalez*, 68 NY2d 424).

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Saxe, Sullivan, Williams and Gonzalez, JJ.