■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN OWENS, Appellant. [855 NYS2d 790]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered October 3, 2001. The judgment convicted defendant, upon a jury verdict, of rape in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of rape in the first degree (Penal Law § 130.35 [1]). Defendant contends that County Court erred in granting the People's motion to preclude evidence concerning the results of the Alco-Sensor tests used to determine the blood alcohol level of the victim. According to defendant, the motion should not have been granted in the absence of a determination of the particular model of the Alco-Sensor device used and a further determination whether that model has been approved by the United States Department of Transportation and the New York State Department of Health and is therefore scientifically reliable (*see generally People v Hampe*, 181 AD2d 238, 240 [1992], *lv denied* 80 NY2d 930 [1992]). Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the court erred in permitting a police witness to testify that, when defendant was questioned with respect to the instant offense, defendant stated that "he had a problem with women when he drank and that he did become physical" (*see* CPL 470.05 [2]). In any event, that contention is without merit. The statement does not constitute improper character evidence, as contended by defendant (*see generally People v Kuss*, 32 NY2d 436, 443, *rearg denied* 33 NY2d 644, *cert denied* 415 US 913;

Prince, Richardson on Evidence §§ 4-401, 4-402 [Farrell 11th ed]). Rather, it constitutes an admission with respect to forcible compulsion, an element of the crime of rape in the first degree with which defendant was charged (*see People v Collins*, 301 AD2d 452 [2003], *lv denied* 1 NY3d 570 [2003]). To the extent that the statement also constitutes an admission of uncharged conduct, we conclude that the prejudicial effect of the evidence is outweighed by its probative value (*see People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.