People v Smalls (2018 NY Slip Op 04646)





People v Smalls


2018 NY Slip Op 04646


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6931 4132/14

[*1]The People of the State of New York, Respondent,
v
Anthony Smalls, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered December 17, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and false personation, and sentencing him, as a second felony offender, to an aggregate term of three to six years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of inconsistencies in testimony. In this incident where many people threw bottles at the police, the evidence, including a recorded phone call by defendant, amply supported the conclusion that defendant at least possessed a bottle with intent to use it unlawfully, even if the bottle that struck an officer in the head was thrown by an unidentified person.
Based on the limited available record, we assume, without deciding, that the federal false arrest complaint about which the defense sought to cross-examine a police sergeant contained sufficient "specific allegations that are relevant to the credibility of the law enforcement witness" (People v Smith, 27 NY3d 652, 662 [2016]), and therefore that the court's order precluding such cross-examination was error. Nonetheless, any such error was plainly harmless (see id. at 670). The sergeant did not testify about the central issue of whether defendant threw a bottle at the injured officer; that testimony was provided by an officer who witnessed that part of the incident. Instead, the sergeant gave peripheral and essentially uncontested testimony about the surrounding events. We reject, as speculative, defendant's assertion that the proposed impeachment of the sergeant would have not only undermined his credibility in the eyes of the jury, but would have had the same effect regarding the principal eyewitness-officer, who was under the sergeant's supervision.
The court correctly received a recorded phone call made by defendant while he was incarcerated, which contained statements that qualified as admissions because, notwithstanding any ambiguity, they could plainly be understood as inconsistent with defendant's position at trial (see People v Collins, 301 AD2d 452 [1st Dept 2002], lv denied 1 NY3d 570 [2003). In the phone call, defendant made statements that could readily be interpreted as at least admitting that he threw a bottle, while expressing skepticism about whether the prosecution could prove that the injured officer was hit by that particular bottle. As previously noted, the phone call provided highly probative evidence of defendant's guilt.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK